Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
2nd Fl, ICC, Room 203
Gualo Rai, Saipan
Telephone: (670) 234-7659
Email: jpsn@sannicolaslaw.net

Daniel H. Weiner (admitted *pro hac vice*)
Amina Hassan (admitted *pro hac vice*)
Eleanor C. Erney (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
daniel.weiner@hugheshubbard.com
amina.hassan@hugheshubbard.com
eleanor.erney@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.<br><br>Defendants. | Civil Case No. 1:22-cv-00002<br><br>**DEFENDANT IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE** |

**<u>DEFENDANT IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE</u>**

1

1    Defendant Imperial Pacific International (CNMI), LLC ("IPI") moves pursuant to Rule

2    12(b)(6) of the Federal Rules of Civil Procedure to dismiss with prejudice and in its entirety

3    Plaintiffs' First Amended Complaint and Jury Demand (ECF No. 20) because Plaintiffs fail to state

4    a plausible claim to relief.

5    Dated:  August 10, 2022                    Respectfully Submitted,

6

                                               */s/ Amina Hassan*

7

                                               Daniel H. Weiner (admitted *pro hac vice*)
8                                              Amina Hassan (admitted *pro hac vice*)
                                               Eleanor Erney (admitted *pro hac vice*)
9                                              HUGHES HUBBARD & REED LLP
                                               One Battery Park Plaza
10                                             New York, NY 10004-1482
                                               Tel.: (212) 837-6000
11                                             Fax: (212) 422-4726
                                               daniel.weiner@hugheshubbard.com
12                                             amina.hassan@hugheshubbard.com
                                               eleanor.erney@hugheshubbard.com
13
                                               Joey P. San Nicolas
14                                             SAN NICOLAS LAW OFFICE, LLC
                                               2nd Fl, ICC, Room 203
15                                             Gualo Rai, Saipan
                                               Telephone: (670) 234-7659
16                                             jpsn@sannicolaslaw.net

17                                             *Attorneys for Defendant Imperial Pacific*
                                               *International (CNMI), LLC*
18

19

20

21

22

23

24

Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
2nd Fl, ICC, Room 203
Gualo Rai, Saipan
Telephone: (670) 234-7659
Email: jpsn@sannicolaslaw.net

Daniel H. Weiner (admitted *pro hac vice*)
Amina Hassan (admitted *pro hac vice*)
Eleanor Erney (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
daniel.weiner@hugheshubbard.com
amina.hassan@hugheshubbard.com
eleanor.erney@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD. <br><br> Defendants. | Civil Case No. 1:22-cv-00002 <br><br> **DEFENDANT IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE** |

## <u>TABLE OF CONTENTS</u>

**Page(s)**

Introduction ........................................................................................................................1

Argument ..........................................................................................................................3

I.      THE COURT SHOULD DISMISS PLAINTIFFS' AMENDED COMPLAINT
FOR FAILURE TO STATE A PLAUSIBLE CLAIM FOR RELIEF. ............................3

        A.     Plaintiffs Do Not Allege Facts Supporting the Inference that the
Taiwanese and Italian Employees Referenced in the Amended Complaint
Were "Similarly Situated" to Plaintiffs or Purported Class Members. ...................4

                1.    The New Allegations ..................................................................................7

                2.    The Old Allegations .................................................................................10

        B.     Plaintiffs Allege No Other Factual Basis to Support Their Claim of
Pattern-and-Practice Discrimination. ...................................................................11

II.     THE COURT SHOULD DISMISS PLAINTIFFS' AMENDED COMPLAINT
WITH PREJUDICE..............................................................................................13

Conclusion .......................................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 3, 4, 11

*Barrett v. Kaiser Found. Health Plan of the Nw.*, No. 3:14-cv-020160-SI, 2015 WL 1491037 (D. Or. Apr. 1, 2015)................................................................11

*Bastidas v. Good Samaritan Hosp. LP*, 774 F. App'x 361 (9th Cir. 2019) ...............................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................3

*Bess v. Adams & Assocs., Inc.*, No. 217CV00173TLNKJN, 2018 WL 4801951 (E.D. Cal. Oct. 3, 2018) ............................................................10

*Cherosky v. Henderson*, 330 F.3d 1243 (9th Cir. 2003) ............................................4

*Colon v. Bank of Am., N.A.*, No. CV-16-00037-PHX-SPL, 2017 WL 11610299 (D. Ariz. Mar. 8, 2017)........................................................2

*DeFrancesco v. Ariz. Bd. of Regents*, No. CV-20-00011-TUC-CKJ, 2021 WL 4170673 (D. Ariz. Sept. 14, 2021) ........................................................14

*Demekpe v. Cnty. of L.A.*, No. CV 15-6007-DDP (KES), 2015 WL 13237302 (C.D. Cal. Dec. 8, 2015).........................................................6

*Frisby v. Town of Mammoth*, No. CV-16-02599=PHX-ROS, 2018 WL 4207989 (D. Ariz. Aug. 31, 2018) ........................................................9

*Grigorescu v. Bd. of Trustees of the San Mateo Cnty. Cmty. Coll. Dist.*, No. 18-cv-05932-EMC, 2019 WL 1790472 (N.D. Cal. Apr. 24, 2019)................................................9

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) ........................................4

*Khalili v. Comerica Bank*, 2011 WL 2445870 (N.D. Cal. June 16, 2011)..............................2

*Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*, 607 F. Supp. 2d 324 (D. Conn. 2009)........................................................12

*Loos v. Immersion Corp.*, 762 F.3d 880 (9th Cir. 2014) ............................................13

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ...........................12

*Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006) ............................................................5

*Nguyen v. Boeing Co.*, No. C15-793RAJ, 2016 WL 7375276 (W.D. Wash. Dec. 20, 2016).......................................................................................................................7

*Peterson v. Hewlett-Packard Co.*, 358 F.3d 599 (9th Cir. 2004) .............................13

*Renati v. Wal-Mart Stores, Inc.*, No. 19-CV-02525-CRB, 2019 WL 5536206 (N.D. Cal. Oct. 25, 2019) ......................................................................................................11

*Sheets v. City of Winslow*, 859 F. App'x. 161 (9th Cir. 2021) ..............................5, 13

*Simons v. Costco Wholesale Corp.*, No. 3:18-cv-00755-SB, 2018 WL 7078666 (D. Or. Dec. 6, 2018), *report and recommendation adopted*, No. 3:18-cv-00755-SB, 2019 WL 267706 (D. Or. Jan. 18, 2019).........................................................................6

*Smith v. W.W. Grainger, Inc.*, No. EDCV 18-1405 JGB (SPx), 2019 WL 1670942 (C.D. Cal. Feb. 5, 2019)...................................................................................9, 10

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ...........................................................3

*Vasquez v. Cnty. of L.A.*, 349 F.3d 634 (9th Cir. 2003) ..........................................5, 6

*Wang v. Am. Sai Green Corp.*, No. 1:13-cv-00026, 2014 WL 1365740 (D. N. Mar. I. Apr. 4, 2014).........................................................................................................3

*Young v. AmeriGas Propane, Inc.*, No. 14-cv-00583-BAS (RBB), 2014 WL 5092878 (S.D. Cal. Oct. 9, 2014).........................................................................................12

**Statutes and Rules**

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) ........................1

Fed. R. Civ. P. 8...........................................................................................................4

Fed. R. Civ. P. 12(b)(6)................................................................................................3

iii

**Introduction**

Plaintiffs Özcan Genç, Hasan Gökçe and Süleyman Köş (collectively, "Plaintiffs") are former IPI employees who worked on construction of the Imperial Palace Casino and Hotel Resort in Garapan, Saipan in the Commonwealth of the Northern Mariana Islands.  (Am. Compl. ¶¶ 4-7.)[1]  Plaintiffs allege, pursuant to Title VII of the Civil Rights Act of 1964, that IPI "engaged in a company-wide practice of employment discrimination, both intentional and systemic, on the basis of national origin, against [them] and a class of similarly situated Turkish employees" by paying them a lower wage rate than it paid to its Taiwanese and Italian workers. (*Id*. ¶¶ 1, 19.)  Plaintiffs' Amended Complaint, like their Original Complaint, lacks the factual allegations to support this claim.

Yet again, Plaintiffs offer the Court no factual basis for their conclusory allegations that Taiwanese and (this time) Italian workers at IPI, whom Plaintiffs allege were paid more than them, were "similarly situated" to Plaintiffs and other Turkish class members.  Plaintiffs' response to the Court's dismissal of the Original Complaint appears to have been to add more conclusory allegations to the Amended Complaint.  More conclusory allegations, however, do not make for a well-pleaded complaint, even for a pattern-and-practice claim.

Plaintiffs add ten new paragraphs in their Amended Complaint.  (*Id*. ¶¶ 20-29.)  None of those contains a single non-conclusory, factual allegation demonstrating that the Taiwanese and Italian workers, who allegedly were paid more, were doing the "same work" as any of the Plaintiffs or other purported class member.  For example, Paragraph 21 alleges only that, "Kedir Celebi also saw that other workers worked fewer hours but brought home more money."  There

---

1.  Where this motion relies on allegations in the Amended Complaint, those are accepted as true only for purposes of this motion.

can be no straight-faced argument that this allegation provides the Court any factual basis to

infer that a Taiwanese or Italian worker was "similarly situated" to Mr. Celebi and was paid

more—it does not even mention Taiwanese or Italian workers.  At best, some of Plaintiffs'

newly added paragraphs allege that certain Turkish workers at IPI "observed" or "saw" that

"Taiwanese and Italian workers doing the same work as he were paid substantially more."  (*Id.* ¶

23; *see also id.* ¶¶ 20, 22, 24, 26.)  However, a purported class member's "observations" reciting

the elements of a disparate treatment claim are insufficient.  Not a single one of Plaintiffs'

new—or old—allegations identifies the role, title, seniority or performance of any particular

Taiwanese or Italian worker on the constructions project.  As the Court noted at oral argument on

IPI's successful motion to dismiss the Original Complaint, without "particularized" facts, the

Court cannot reasonably infer that Plaintiffs are comparing "apples and apples as opposed to

apples and oranges."  (ECF 23 at 14:9-13.)  Here, Plaintiffs *tell* the Court that they are comparing

"apples and apples," but provide no factual basis for the Court to reasonably infer that

conclusion.

Without any instances of discrimination against a plausibly pleaded comparator,

Plaintiffs cannot sustain their pattern-and-practice claim.  As a sister Court in this Circuit

observed in a case where plaintiff, as here, failed to offer any basis for inferring that the alleged

comparators were similarly situated to him:  "Discovery is costly, time-consuming, and invasive,

and before a plaintiff can compel a defendant to open its books and sit for depositions, it must

justify this imposition by stating a plausible claim for relief."[2]  Given a second chance at

_____

2.  *Colon v. Bank of Am., N.A.*, No. CV-16-00037-PHX-SPL, 2017 WL 11610299, at *2 (D.
Ariz. Mar. 8, 2017) (quoting *Khalili v. Comerica Bank*, 2011 WL 2445870 (N.D. Cal.
June 16, 2011)).

reframing their pleading, Plaintiffs fail to do so here.  Accordingly, the Court should dismiss the Amended Complaint.

Moreover, despite IPI's detailed briefing laying forth the deficiencies in Plaintiffs' Original Complaint; the Court specifically outlining how that pleading was deficient on the similarly situated comparators; and the Court affording Plaintiffs more than two months to amend—including an extension to which IPI agreed—Plaintiffs failed to cure the principal flaw in their pleading:  alleging plausible comparators using non-conclusory assertions.  Accordingly, dismissal with prejudice is warranted.

## **Argument**

## I.    THE COURT SHOULD DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A PLAUSIBLE CLAIM FOR RELIEF.

To survive a motion to dismiss under Rule 12(b)(6), the Amended Complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Amended Complaint must allege facts that are sufficient to push Plaintiffs' claims "across the line from conceivable to plausible," *id*., and raise "[P]laintiff[s]' right to relief above the speculative level." *Wang v. Am. Sai Green Corp.*, No. 1:13-cv-00026, 2014 WL 1365740, at *1 (D. N. Mar. I. Apr. 4, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Twombly*, 550 U.S. at 555–56) (internal quotation marks omitted).  As this Court has explained, in addition to giving a defendant "fair notice" of plaintiffs' claim, the factual allegations in the complaint "also 'must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Wang*, 2014 WL 1365740, at *1 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, at 679.  The Court also is not required to accept as true

3

conclusory statements unsupported by factual allegations.  *Id.* at 663, 678-79.  "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice" on a motion to dismiss.  *Id.* at 678.  Accordingly, in assessing the plausibility of a claim,

the Court must set aside conclusory allegations—because Rule 8 "does not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions"—and "consider the factual

allegations in respondent's complaint to determine if they plausibly suggest an entitlement to

relief." *See id.* at 677-81.  "Where the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—

'that the pleader is entitled to relief'," and the Complaint must fail.  *Id.* at 679 (citing Fed. R.

Civ. P. 8(a)(2)).

Yet again, Plaintiffs' pleading falls short of these pleading requirements.  Riddled with

conclusory statements, the Amended Complaint lacks facts that support a reasonable and non-

speculative inference that Plaintiffs and IPI's other Turkish workers were paid less than IPI's

Italian and Taiwanese workers because of their national origin and pursuant to a policy of

disparate treatment.

> **A.    Plaintiffs Do Not Allege Facts Supporting the Inference that the Taiwanese and Italian Employees Referenced in the Amended Complaint Were "Similarly Situated" to Plaintiffs or Purported Class Members.**

Pattern-and-practice claims "must be based on discriminatory conduct that is widespread

throughout a company or that is a routine and regular part of the workplace." *Cherosky v.*

*Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003) (citing *Int'l Bhd. of Teamsters v. United States*,

431 U.S. 324, 336 (1977)).  They "cannot be based on 'sporadic discriminatory acts'." *Id.*

(quoting *Teamsters*, 431 U.S. at 336).  Plaintiffs rest their pattern-and-practice discrimination

claim on their assertion that IPI paid its Italian and Taiwanese workers more than it paid

Plaintiffs and other Turkish workers who are members of the purported class.  (Am. Comp. ¶¶ 1,

19.)  To show discrimination by comparison to persons outside the class, Plaintiffs must "demonstrate that [they were] similar to [their] proposed comparator[s] 'in all material respects.'"  *Sheets v. City of Winslow*, 859 F. App'x. 161, 162 (9th Cir. 2021) (quoting *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006)).  "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct."  *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003).

Like the Original Complaint, the Amended Complaint contains no factual allegations from which the Court can infer that the "Italian and Taiwanese workers" generally referenced in the Amended Complaint were similarly situated to Plaintiffs or other purported Turkish class members in terms of their jobs.

As Plaintiffs themselves demonstrate, IPI workers at the hotel-casino site had different roles and titles.  Plaintiffs identify themselves and other purported class members in the complaint as a "plumber," "electrician," "mechanical fitter," "mechanical installer," "ceramic and leveling screed master," "worker," "supervisor," "foreman," or "leader," although they identify the alleged Taiwanese and Italian comparators only as "workers".  (Am. Compl. ¶¶ 5, 6, 7, 20, 22-28).[3]  Plaintiffs also demonstrate in the Amended Complaint that different roles at IPI earned different salaries.  For example, Plaintiff Süleyman earned $17,368 per year as an electrician and $21,840 per year as an electrical foreman (*id*. ¶ 7), while another Turkish worker,

---

3.  Paragraph 28 refers to "Italian and Taiwanese construction workers and supervisors," stating that they were assigned to different floors than those on which "F. Mert Oztuna and Senol Barut were supervisors of Turkish workers."  (Am. Compl. ¶ 28.)  However, when alleging who it was that IPI allegedly was treating better than the Turkish workers, that paragraph also refers generically to the "Italian and Taiwanese workers" only, and acknowledges there were "exceptions" to the alleged discrimination.  (*See id.* ("When the Turks got their first paycheck, they observed that almost without exception the Italian and Taiwanese workers were paid more than the Turks").)

1   Ahmet Kucukhurman, also an "electrician," earned $8 an hour, annualized to $16,640.  (*Id.* ¶

2   24.)[4]

3   These differences matter.  Job-related differences between employees of Taiwanese and

4   Italian national origin, on the one hand, and Turkish national origin, on the other, plausibly

5   explain the alleged disparate treatment.  *See, e.g.*, *Bastidas v. Good Samaritan Hosp. LP*, 774 F.

6   App'x 361, 363-64 (9th Cir. 2019) (affirming dismissal of Title VII action because plaintiff, a

7   Hispanic physician, "did not show that the[] [two white physicians] were similarly situated to

8   him … given the different types of surgeries" at the hospital); *Vasquez*, 349 F.3d at 641

9   ("Employees in supervisory positions are generally deemed not to be similarly situated to lower

10  level employees.").  As a result, courts require plaintiffs to allege the factual basis supporting

11  their assertions that the alleged comparators are similarly situated.  *See, e.g.*, *Demekpe v. Cnty. of*

12  *L.A.*, No. CV 15-6007-DDP (KES), 2015 WL 13237302, at *8 (C.D. Cal. Dec. 8, 2015), *report*

13  *and recommendation adopted*, No. CV 15-6007-DDP (KES), 2016 WL 8738111 (C.D. Cal. July

14  8, 2016) (dismissing plaintiff's Title VII claim because he alleged no facts showing that he was

15  "'similarly situated' to [the Hispanic] officers" he alleged were his comparators); *Simons v.*

16  *Costco Wholesale Corp.*, No. 3:18-cv-00755-SB, 2018 WL 7078666, at *3 (D. Or. Dec. 6, 2018),

17  *report and recommendation adopted*, No. 3:18-cv-00755-SB, 2019 WL 267706 (D. Or. Jan. 18,

18  2019) (dismissing race discrimination claim because plaintiff failed to "allege facts that plausibly

19  suggest his Caucasian co-workers were similarly situated").

20  Here, the Amended Complaint includes no factual allegations describing the jobs, titles,

21  _____

22  4.  The annualized amount is based on Mr. Kucukhurman's wage rate of $8 (Am. Compl. ¶ 24)
23      and a total of 2,080 hours worked per year, derived from Plaintiffs' wage rates and
        annualized wages included in the Amended Complaint and their EEOC Charges (*see id*. ¶¶ 5-
24      7 & Exhibits 1A, 2A and 3A.)

seniority, qualifications or performance levels of any of the Italian and Taiwanese workers who Plaintiffs allege IPI paid more than them.[5]

### 1.    The New Allegations

Apparently trying to address the pleading flaws in their Original Complaint, Plaintiffs include ten new paragraphs in their Amended Complaint.  Half of those paragraphs contain no allegations regarding the "similarly situated" requirement.  (Am. Compl. ¶¶ 21, 25, 27-29.)  They contain—at best—allegations that IPI paid its Italian and Taiwanese workers more than certain Turkish workers.[6]  Even assuming these allegations are sufficient to allege a pay differential, they cannot substitute for well-pleaded allegations of similarly situated comparators.  *See Nguyen v. Boeing Co.*, No. C15-793RAJ, 2016 WL 7375276, *3 (W.D. Wash. Dec. 20, 2016) (offering "facts" that two other employees were either paid more than, or promoted over, plaintiff could not cure plaintiff's "fail[ure] to show that these employees were similarly situated in the same job as [him], or engaged in similar conduct as [him].").[7]

---

5.  The only factual similarity Plaintiffs allege between themselves and other putative class members, on the one hand, and the workers of Taiwanese and Italian origin, on the other, is that IPI employed all of them under the H-2B visa program.  (*See* Am. Compl. ¶ 16.)  However, there is nothing in the law or in any further factual assertions in the Amended Complaint that would make this a relevant factor in assessing the similarly situated requirement.

6.  *See, e.g.*, Am. Compl. ¶ 27 (Plaintiff Köş, who "became friends with some of the Taiwanese and Italian workers," "saw the paychecks the Taiwanese received" and "observed" that they were earning more); ¶ 25 (a worker, Ender Karagoz, "saw that Italians received higher wages than Turks"); ¶ 29 (workers F. Mert Oztuna and Senol Barut "socialized with some of the Italian and Taiwanese workers and learned that their hourly wage was higher than that of the Turkish team.").

7.  Plaintiffs allege repeatedly that the Taiwanese and Italian workers generally worked "less," or fewer hours, than Turkish workers, but earned more money.  (*See, e.g.*, Am. Compl. ¶¶ 20, 25, 28.)  These allegations also speak to whether some Taiwanese and Italian workers had a higher wage rate, not whether they were similarly situated to Plaintiffs or purported class members.

The remaining new paragraphs contain only vague and conclusory assertions of similarity—if that.  (Am. Compl. ¶¶ 20, 22-24, 26.)  Paragraph 20 alleges that, "[o]ne of the Turkish workers, Imdat Dogaan, was a mechanical fitter.  He personally saw the paychecks of Italian workers doing similar work as he;" Paragraph 23 alleges that, "Turkish worker Ibrahim Isik is an electrician.  He observed that Taiwanese and Italian workers doing the same work as he were paid substantially more although they worked fewer hours weekly;" and Paragraphs 22, 24 and 26 make similar allegations.

However, alleging that Italian and Taiwanese workers did the "same work" is a conclusory allegation.  During oral argument on IPI's motion to dismiss the Original Complaint, the Court explained why Plaintiffs' allegations in their EEOC Charges—that "one Taiwanese worker showed [them] his paycheck," and that is when Plaintiffs allegedly "learned that the Taiwanese [workers] were being paid $23 an hour, nearly three times what IPI was paying [them], for the same work" (*e.g.*, *id.*, ECF 20-1)—were insufficient.  The Court had the following colloquy with opposing counsel regarding this allegation:

> THE COURT:  So we don't know if this Taiwanese individual was also a foreman, or say someone, I don't know who would be above a foreman, say -- I don't know, I think engineer?  I have some knowledge about some differences in pay rates given the fact that there's the other Genc case that you brought before the Court and I'm sure Defendant IPI is very familiar with it. And there was that one gentleman who was a standout in regards to his pay.

> MR. MILLER: Yes, he was a supervisor. Mr. Öztuna.

> THE COURT: And as a supervisor, is this Taiwanese a supervisor and that would be equal to Mr. Öztuna and that will be consistent, but not as to these three foremen [the Plaintiffs].   There's so many possibilities…

(ECF 23 at 15:14-16:1.)  Plaintiffs' newly-added allegations that appear to relate to alleged comparators suffer from the same fundamental deficiency the Court previously explained to

8

Plaintiffs regarding their "same work" allegation in their EEOC Charges.  Paragraph 23, for instance, refers generally to "Taiwanese and Italian workers," but Plaintiffs allege nothing about the role, title, seniority or performance of a single one of these workers.  Therefore, the Court cannot reasonably infer that any of them was similarly situated to Mr. Isik.  Like Plaintiffs' other allegations in the Amended Complaint, these new allegations also fail as conclusory and speculative.  *See, e.g.*, *Grigorescu v. Bd. of Trustees of the San Mateo Cnty. Cmty. Coll. Dist.*, No. 18-cv-05932-EMC, 2019 WL 1790472, at *11 (N.D. Cal. Apr. 24, 2019) (granting motion to dismiss because plaintiff's allegation that defendants promoted "a male who is not of Romanian descent and whose qualifications and experience were as good as Plaintiff's to fill the position" was "too conclusory," and plaintiff "alleged no facts that demonstrate that the candidate who replaced her was in fact similarly situated—*e.g.*, had similar qualifications and experience."); *Frisby v. Town of Mammoth*, No. CV-16-02599=PHX-ROS, 2018 WL 4207989, at *6 (D. Ariz. Aug. 31, 2018) (granting motion to dismiss because conclusory allegations that "some unknown employees [of a race different from plaintiffs], employed in unknown positions … reporting to unknown supervisors" were not terminated, were insufficient); *Smith v. W.W. Grainger, Inc.*, No. EDCV 18-1405 JGB (SPx), 2019 WL 1670942, at *4 (C.D. Cal. Feb. 5, 2019) (plaintiff's bare assertion that younger white men with less experience and fewer qualifications received promotions was insufficient without factual allegations that these younger white men were similarly situated; "[f]or example, Plaintiff does not allege … the job positions these younger white men held or sought, or any other information from which this Court [could] conclude that, as alleged, they were similarly situated to Plaintiff.").

Adding that a purported class member "observed" that the Taiwanese and Italian workers performed the "same work" does not salvage Plaintiffs' allegations.  Adding the word

"observed" to a conclusory allegation, does not convert it into a non-conclusory allegation. *See, e.g., W.W. Grainger, Inc.*, 2019 WL 1670942, at *1, *4 n.1 (allegations that "Plaintiff 'personally witnessed no less than 30 employees who were forced from their job in favor of younger/white employees because of their age and race,'" with no "comparative information," could not support a complaint of racial discrimination); *Bess v. Adams & Assocs., Inc.*, No. 217CV00173TLNKJN, 2018 WL 4801951, at *5 (E.D. Cal. Oct. 3, 2018) ("[p]laintiff's statement that he is 'aware' another employee was 'similarly situated'" was insufficient on a motion to dismiss because it "is not a factual allegation, it is speculation and conclusion.").

Granting the defendant's motion to dismiss, the *Bess* court explained that "[i]t is for the Court to draw a conclusion or inference, from facts alleged by [p]laintiff, about whether another employee was 'similarly situated' to [p]laintiff," not for the plaintiff to tell the Court that is the case. *Bess*, 2018 WL 4801951, at *5. Likewise, here, it is not sufficient for Plaintiffs to allege that some workers "observed" or "saw" that Taiwanese and Italian workers performed the "same work" as the Turkish workers. Plaintiffs' conclusory new allegations fail to cure their "similarly situated" problem.

### 2.    The Old Allegations

Putting aside the new allegations, what remains in the Amended Complaint are conclusory allegations from Plaintiffs' Original Complaint (extended this time to Italian as well as Taiwanese workers) that the Court has previously found insufficient to support Plaintiffs' discrimination claim. And with good reason. Plaintiffs' conclusory statements that "IPI employed [the] Taiwanese and Italian workers to perform the same types of work that Plaintiffs and members of the class performed," and that, "[w]ith respect to the types of work they performed, those Taiwanese and Italian workers had the same or similar level of skills,

qualifications, and experience as Plaintiffs and members of the class" (Am. Compl. ¶¶ 17-18) are

insufficient.  Courts consistently reject similar conclusory allegations on motions to dismiss

disparate treatment claims.  *See, e.g.*, *Renati v. Wal-Mart Stores, Inc.*, No. 19-CV-02525-CRB,

2019 WL 5536206, at *6 (N.D. Cal. Oct. 25, 2019) (dismissing Title VII pay discrimination case

because plaintiff's conclusory allegation that she was paid less than "similarly situated men" was

"insufficient to state a claim for [pay discrimination] plausible on its face.") (citing *Iqbal*, 556

U.S. at 677-78); *Barrett v. Kaiser Found. Health Plan of the Nw.*, No. 3:14-cv-020160-SI, 2015

WL 1491037, at *3 (D. Or. Apr. 1, 2015) (allegation that a non-African American employee was

"similarly situated" to Plaintiff was "no more than a legal conclusion"); *see also supra* 6, 9-10

(compiling similar cases).  To the extent Plaintiffs rely on their EEOC Charges to fill any gaps in

their Amended Complaint, those allegations fail for the reasons the Court articulated during Oral

Argument, as discussed above.  (*Supra* 8.)

### B.    Plaintiffs Allege No Other Factual Basis to Support Their Claim of Pattern-and-Practice Discrimination.

Because Plaintiffs have not alleged a single instance of wage discrimination of Turkish

workers that involves a plausible, well-pleaded comparator, Plaintiffs cannot support their

pattern-and-practice discrimination claim through anecdotal instances of alleged discrimination.

Nor do Plaintiffs allege any other facts in the Amended Complaint for the Court to infer that IPI

had a policy of discriminating against its Turkish workers.  Plaintiffs allege that IPI "never had a

system for setting wage rates for construction workers based on objective criteria."  (Am. Compl.

¶ 31.)  This is a conclusory assertion that cannot support a plausible inference that, as a result,

IPI engaged in a pattern-and-practice of unlawful wage discrimination against employees of

Turkish origin.  To the contrary, the Court could also reasonably infer from that allegation that

there was no "company-wide" policy of discrimination against workers of Turkish origin.

Additionally, Plaintiffs themselves acknowledge that there were instances in which IPI paid
Italian and Taiwanese workers less than Turkish workers.  (*Id.* ¶ 28 (acknowledging there were
exceptions to Italians and Taiwanese workers getting paid more than Turkish workers).)[8]

**************

Plaintiffs fail to state a claim of an unlawful pattern-and-practice of discrimination
against IPI.  Thus, the Court should dismiss Plaintiffs' individual claims.  The Court should also
dismiss Plaintiffs' purported class action because it cannot stand without Plaintiffs' underlying
claims.  *See Young v. AmeriGas Propane, Inc.*, No. 14-cv-00583-BAS (RBB), 2014 WL
5092878, at *5 (S.D. Cal. Oct. 9, 2014) (class action could not stand where the named plaintiff's
case was dismissed).[9]

---

8.  Courts have held that pattern-and-practice complaints alleging a lot more—*e.g.*, instances of
discrimination against similarly situated comparators based on non-conclusory
allegations—than what is alleged here do not meet the plausibility requirement.  *See, e.g.*,
*Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*, 607 F. Supp. 2d 324,
332 (D. Conn. 2009) (three "confirmatory instances" of alleged discrimination insufficient on
a motion to dismiss an age-discrimination pattern-and-practice claim).  Here, as discussed
above, Plaintiffs allege no non-conclusory instances of wage discrimination against a
Plaintiff or purported class member because they do not plausibly allege a similarly situated
comparator.  In addition, many of Plaintiffs' allegations of the purported wage differential
are also conclusory.  (*See, e.g.*, Am. Compl. ¶ 20 (Mr. Celebi "saw that other workers worked
fewer hours but brought home more money"), ¶ 23 (Mr. Isik "observed that Taiwanese and
Italian workers doing the same work as he were paid substantially more").)  A similar
allegation for Plaintiff Köş raises an additional concern.  Although Paragraph 27 alleges that
Mr. Köş "became friends with some of the Taiwanese and Italian workers and saw the
paychecks the Taiwanese received" and observed they were earning more than the Turkish
workers, that allegation appears to contradict Mr. Köş' EEOC Charge that "because of the
language barrier we generally didn't talk with the Italians and Taiwanese or socialize with
them." (ECF 20-5.)  A court "need not accept as true conclusory allegations that are
contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine
Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

9.  Plaintiffs frame their disparate treatment claim as a "pattern-and-practice" claim.  (*See*
Am. Compl. ¶¶ 1, 36(d)).  Even if Plaintiffs had framed their claim as an individualized
disparate treatment claim, it could not survive a motion to dismiss.  To plead an

1

2

**II.    THE COURT SHOULD DISMISS PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE**

Dismissal with prejudice is appropriate where, as here, the Court granted Plaintiffs leave

to amend, but they failed to correct the defects in their prior pleading.  *See Sheets*, 859 Fed.

App'x at 163 (citing *Loos v. Immersion Corp.*, 762 F.3d 880, 890-91 (9th Cir. 2014)) (affirming

dismissal with prejudice where plaintiff "did not provide more details between the FAC and SAC

regarding whether [Plaintiff] and [his alleged comparator] were 'similarly situated' other than

identifying his proposed white comparator by name and noting that [he] was also an officer,"

although in dismissing the FAC, the district court had "explained the applicable legal framework

for plausibly alleging a race-based disparate treatment claim under Title VII.").

Here, after providing Plaintiffs a detailed roadmap of what they need to allege to support

their class-action claim of wage discrimination, the Court granted Plaintiffs 45 days to amend

their 10-page Original Complaint.  (*See* ECF 23 (Transcript of Hearing on IPI's Original Motion

to Dismiss).)  Plaintiffs then requested, and IPI agreed to and the Court granted them, an

extension of an additional 21 days to amend the Original Complaint.  (*See* ECF 18 & 19.)  After

more than two months, Plaintiffs filed their 11-page Amended Complaint, which, despite the

Court's express instructions, suffers from the same fundamental flaw as their Original

Complaint:  failure to plausibly allege Italian and Taiwanese comparators using non-conclusory

---

individualized claim of Title VII disparate treatment, "a plaintiff must allege sufficient
facts to show that (1) he is a member of a protected class; (2) he was qualified for his
position; (3) he experienced an adverse employment action; and (4) similarly situated
individuals outside his protected class were treated more favorably, or other circumstances
surrounding the adverse employment action give rise to an inference of discrimination."
*Sheets*, 859 F. App'x at 162 (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603
(9th Cir. 2004)).  Regarding the fourth prong, as discussed above, the Amended Complaint
is devoid of non-conclusory factual allegations that the Taiwanese or Italian employees
were similarly situated to any of the Plaintiffs.  (*Supra* I.A.)

13

allegations.  (*See* ECF 23 at 25:19-23 (Court reminding Plaintiffs that in their amended complaint, they must "rely[] on actual facts that are non-conclusory to support the pattern or practice of discrimination.").)  Nor is there anything in the Amended Complaint that indicates that Plaintiffs could amend their pleading to survive a motion to dismiss.  Accordingly, dismissal with prejudice is warranted.  *See DeFrancesco v. Ariz. Bd. of Regents*, No. CV-20-00011-TUC-CKJ, 2021 WL 4170673, *5 (D. Ariz. Sept. 14, 2021) (dismissing with prejudice first amended complaint because, "[d]espite the Court's advice," plaintiff only added allegations to his amended complaint that lack "sufficient factual content").

## Conclusion

For the reasons set forth above, IPI respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Dated:  August 10, 2022

Respectfully Submitted,

*/s/ Amina Hassan*

Daniel H. Weiner (admitted *pro hac vice*)
Amina Hassan (admitted *pro hac vice*)
Eleanor Erney (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
daniel.weiner@hugheshubbard.com
amina.hassan@hugheshubbard.com
eleanor.erney@hugheshubbard.com

Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
2nd Fl, ICC, Room 203
Gualo Rai, Saipan
Telephone: (670) 234-7659
jpsn@sannicolaslaw.net

*Attorneys for Defendant Imperial Pacific*
*International (CNMI), LLC*

1    Joey P. San Nicolas
     SAN NICOLAS LAW OFFICE, LLC
2    2nd Fl, ICC, Room 203
     Gualo Rai, Saipan
3    Telephone: (670) 234-7659
     Email: jpsn@sannicolaslaw.net
4
     Daniel H. Weiner (admitted *pro hac vice*)
5    Amina Hassan (admitted *pro hac vice*)
     Eleanor Erney (admitted *pro hac vice*)
6    HUGHES HUBBARD & REED LLP
     One Battery Park Plaza
7    New York, NY 10004-1482
     Tel.: (212) 837-6000
8    Fax: (212) 422-4726
     daniel.weiner@hugheshubbard.com
9    amina.hassan@hugheshubbard.com
     eleanor.erney@hugheshubbard.com
10
     *Attorneys for Defendant Imperial Pacific International (CNMI), LLC*
11

12                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN MARIANA ISLANDS
13

| | |
|---|---|
| 14   ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated, | Civil Case No. 1:22-cv-00002 |
| 15 | |
| 16                     Plaintiffs, | **CERTIFICATE OF SERVICE** |
| 17           vs. | |
| 18   IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD. | |
| 19 | |
| 20                    Defendants. | |

21       I hereby certify that, on August 10, 2022 (ChST), I electronically filed the foregoing with

22   the Clerk of Court for the United States District Court for the Northern Mariana Islands using the

23

24
                                  1

CM/ECF system.  A true and correct copy of this motion has been served via the Court's

CM/ECF system on all counsel of record.

*/s/ Amina Hassan*
Amina Hassan