Richard C. Miller, F0458
BANES HOREY BERMAN & MILLER, LLC
Suite 201, Marianas Business Plaza
P.O. Box 501969
Saipan, MP 96950
Tel.: (670) 234-5684
Fax: (670) 234-5683
Email: RMiller@pacificlawyers.law
*Attorneys for Plaintiffs*

**IN THE DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.,<br><br>Defendants. | CASE NO. 22-CV-00002<br><br>OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE |

Plaintiffs have pled sufficient factual content, drawing all reasonable inferences in their favor, to survive Defendant IPI (CNMI)'s second motion to dismiss.

Foreign contract workers were brought to Saipan to build the first casino and largest hotel on the island. They were recruited from many countries and places – Taiwan, Italy, Turkey, among others. Each nationality has its own culture and its own language, so the rational way to split up the work is to assign crews from each county to build a particular group of floors. Each crew has plumbers, electricians, welders, dry wall specialists. They are doing essentially the same work, but because they are segregated from one another they have limited or no opportunity to observe each other on the job. When they come together on payday,

1

however, they see each other's paychecks. The Turkish electricians working on the top floors see that they are being paid substantially less than Taiwanese and Italian electricians working on other floors. Turkish installers, screed masters, and supervisors, all with names, observe the same thing: Taiwanese and Italian workers are being paid at a rate as much as three times their own. (FAC, ECF No. 20, ¶¶ 20–29.)

These facts – *not* conclusions – are expressly pleaded in the amended complaint. A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Fair, plausible inferences from the pleaded facts may be the basis to survive a motion to dismiss. *Sepulveda-Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 30 (1st Cir. 2010). The facts pled in the amended complaint lead to such an inference. All these foreign workers were engaged in the same work: constructing the Imperial Pacific hotel. It is reasonable to infer that the work one crew was doing on, say, the ninth floor was similar to the work another crew was doing on the eighth.

Defendant's second motion to dismiss (ECF No. 24) should be denied, because Plaintiffs have adequately pled that they were similarly situated to the foreign workers of other nationalities who enjoyed a higher pay scale. Although to prevail at trial Plaintiffs will have to prove that their comparators – Taiwanese and Italian workers – were substantially similar to them "in all material respects," *Moran v. Selig,* 447 F.3d 748, 755 (9th Cir. 2006), to survive a motion to dismiss they need only plead sufficient facts to support a plausible inference of material similarity. "[A] substantive assessment of comparators is left to later stages of a case." *Mallory v. Gartner, Inc.,* No. 2:21-cv-462-SPC-MRM, 2020 WL 5949972, at *3 (M.D. Fla. Aug. 30, 2021) (citing *Alvarez v. Lakeland Area Mass. Transit Dist.,* 406 F. Supp. 3d 1348,

2

1354 (M.D. Fla. 2019) ("[Defendant's] arguments about whether the alleged comparators were truly similarly situated to Alvarez are better addressed at the summary judgment stage.")). The kinds of information necessary to determine with certainty whether the comparators are in all respects material – whether "apples" are being compared to "apples" – may be unavailable to workers until they get discovery. "Once the plaintiff is privy to the identities and personnel information of the potential comparators, he will be able to evaluate who, in fact, may be similarly situated. The issue of whether these individuals are ultimately appropriate comparators may be addressed at a later stage of this litigation." *Berney v. Apple Inc.* [no pun intended], No. 3:20 CV 1379, 2021 WL 6334985, at *3 (D. Conn. May 27, 2021) (granting motion to compel discovery); *Bhatnagar v. Meyer,* Civil Action No. 21-126-CFC, 2021 WL 7209368, at *4 (D. Del. Dec. 20, 2021) ("Defendants' argument that [Plaintiff's] comparators are not similarly situated is premature for a motion to dismiss."). Ten named Turkish workers have stated that on numerous occasions they saw the paychecks of other construction workers and observed a similar differential in pay rate. Taiwanese and Italian workers showed Mr. Tekten their paychecks (FAC ¶ 26). Mr. Kos befriended Taiwanese and Italian workers and had the opportunity to observe their pay (FAC ¶ 27). These are concrete facts, not conclusory allegations, about what various named workers personally witnessed. They are well pled and, as such, are entitled to be assumed true when considering a motion to dismiss. *Iqbal,* 556 U.S. at 679.

The cases that Defendant cites concerning comparators are not persuasive. *Bastidas v. Good Samaritan Hospital, LP,* an unpublished memorandum, involved a surgeon[1] whose privileges were suspended after a patient of his died after a botched surgery. 774 Fed. App'x

---

[1] Defendant and the West editor fairly infer from the surgeon's name, J. Augusto Bastidas, that he is Hispanic. (Mot. at 12.) But in fact the unpublished memorandum does not identify his race.

361, 362 (9th Cir. 2019). He alleged that two white physicians at the same hospital who had patients die were not similarly restricted. *Id.* at 363. The court found that he had not alleged that the two comparator physicians' jobs were similar to his. *Id.* at 363–64. However, the court's focus was on plaintiff's failure to allege similar *conduct* – to allege that the white physicians' patients had died because of surgical errors. *Id.* at 364. The decision whether to sanction a doctor for a lethal treatment error is, doubtless, highly fact intensive, and the district court (as affirmed by the appeals court) was understandably reluctant to subject the hospital to discovery on no more than a hunch that the sanction was racially motivated. An allegation of disparate pay for similarly situated constructions workers operating at the same construction site is hardly analogous.

*Demekpe* (cited in Mot. at 12)[2] is about a claim that an employer's justification for an adverse employment action was pretextual. *Demekpe v. County of L.A.,* Case No. CV 15-6007-DDP, 2015 WL 13237302, at *1 (C.D. Cal. Dec. 8, 2015). As in *Bastidas,* plaintiff's claim that others with a history of unsatisfactory job performance were treated more leniently was devoid of factual detail to plausibly suggest that the circumstances leading to the adverse action (in *Bastidas* suspension, in *Demekpe* removal from the list of eligible candidates) were similar. *Id.* at *8.

*Simons* (Mot. at 12) is yet another case where one individual employee suffers an adverse employment action (demotion) and alleges that co-workers of another race behaved just as badly and were not disciplined. *Simons v. Costco Wholesale Corp.,* Case No. 3:18-cv-00755-SB, 2018 WL 7078666 (D. Ore. Dec. 6, 2018). As in *Demekpe* and *Bastidas,* plaintiff failed to plead facts from which the court could plausibly infer that plaintiff's unsatisfactory employment

---

[2] All citations to Defendant's motion refer to page numbers in the ECF banner.

4

history was similar to that of the comparators – that they engaged in similar problematic conduct. *Id.* at *2–*3.

Other cases cited by Defendants also do not help their cause. They cite *Vasquez v. County of Los Angeles* for the proposition that supervisors are not similarly situated to lower-level employees, 349 F. 3d 634, 641 (9th Cir. 2003) (Mot. at 11). But in the amended complaint, supervisors Oztuna and Barut are not comparing their own pay to that of lower-level workers; rather, they are witnesses to the fact that Italian and Taiwanese workers' "hourly wage was higher than that of the Turkish team." (FAC ¶ 29.) None of these cases is remotely like that of the Turkish plaintiffs. Their case is about disparate pay, not adverse employment actions.

Defendants' attempts to minimize the value of new allegations in the amended complaint run afoul of the same problem. All the cases they cite involve adverse employment actions against a particular employee. In *Grigorescu,* a professor of Romanian descent who was passed over for promotion and subsequently terminated alleged discrimination merely on account of the fact that the persons selected to replace her were not of Romanian national origin.[3] *Grigorescu v. Bd. of Trustees of San Mateo Cnty. Cmty. Coll. Dist.,* No. 18-cv-05932-EMC, 2019 WL 1790472, at *11 (N.D. Cal. Apri. 24, 2019). She alleged no facts showing that she and the comparators were similarly situated, and the court properly found that her allegations were too conclusory. *Id.*

*Nyugen* likewise involved a claim arising from adverse employment action, where plaintiff pointed to co-workers who, she alleged, were treated more favorably. *Nyugen v. Boeing Co.,* No. C15-793JAP, 2016 WL 7375276, at *3 (W.D. Wash. Dec. 20, 2016). Plaintiff failed to allege sufficient facts to show that other employees "were treated differently despite displaying

---

[3] She also alleged sex discrimination because the person promoted was male. *Id.*

5

similar conduct" – that is, similar infractions of work rules. *Id.* (quoting *Espinoza v. Corvington,* No. 2:10-CV-03213 JAM, 2012 WL 639313, at *8 (E.D. Cal. Feb. 27, 2012)). The same goes for *Smith v. W.W. Grainger, Inc.,* No. EDCV 18-1405 JGB, 2019 WL 1670942 (C.D. Cal. Feb. 5, 2019) (constructive termination); *Frisby v. Town of Mammoth,* No. CV-16-02599-PHX-ROS, 2018 WL 4207989 (D. Ariz. Aug. 31, 2018) (suspension without pay, followed by termination); *Bess v. Adams & Assoc.,* 2:17-cv-00173-TLN-KJN, 2018 WL 4801951, at *2 (E.D. Cal. Oct. 3, 2018) (alleging that similar errors by younger, white employees did not incur reprimand or termination); and *Barret v. Kaiser Found. Health Plan of the Northwest,* No. 3:14-cv-020160-SI, 2015 WL 1491037, at *3 (D. Or. Apr. 1, 2015) (African American employee, terminated by defendant, alleged only that one non-African American employee was treated more favorably "under similar, or more egregious, circumstances" (quoting complaint)). In all these cases, the court insisted that plaintiff plead specific facts to show that the conduct for which plaintiff was disciplined or terminated was actually similar to misconduct for which co-workers got off scot-free.

The few cases Defendant cites on pay differential claims are easily distinguished from the Turkish workers' case. In *Renati,* specific individuals alleged only "upon information and belief" that they were "paid less than other similarly situated men during [their] employment." *Renati v. Wal-Mart Stores, Inc.,* No. 19-cv-02525-CRB, 2019 WL 5536206, at *6 (N.D. Cal. Oct. 25, 2019) (quoting complaint). The Turkish workers' allegations are not "upon information and belief" but on personal knowledge from seeing the paychecks of other workers and talking to those workers. Moreover, the court was careful to distinguish the pleading requirements for the individual *Renati* plaintiffs from the more general allegations of pattern or practice sufficient to make out a Title VII class action such as the Turkish workers have pled. *Id.*

6

The discrimination alleged in the amended complaint is not, as Defendants suggest, sporadic, but is widespread, and constitutes "a routine and regular part of the workplace." *Cherosky v. Henderson,* 330 F.3d 1243, 1247 (9th Cir. 2003) (cited by Defendants in Motion, ECF No. 24, at 10). Ten Turkish workers, all identified by name, saw the paychecks that Italian and Taiwanese construction workers assigned to other floors of the same building were getting, and observed the chasm between those workers' pay rates and their own. (FAC, ECF No. 20, ¶¶ 20–29.) "To survive a motion to dismiss a pattern or practice claim, the plaintiff must plead sufficient factual content for the court to draw a reasonable inference that Defendant engaged in 'more than the mere occurrence of isolated or "accidental" or sporadic discriminatory acts.'" *United States v. Nobel Learning Communities, Inc.,* 676 F. Supp. 2d 379, 383 (E.D. Pa. 2009) (quoting *Int'l Bhd. Of Teamsters v. United States,* 431 U.S. 324, 335 (1977)). In their amended complaint, Plaintiffs have done just that – pled sufficient factual content to allow a reasonable inference of a pattern or practice of discrimination. On a motion to dismiss, "it is the defendant's burden to demonstrate that plaintiff has failed to state a claim." *Shay v. Apple Inc.,* 512 F. Supp. 3d 1066, 1071 (S.D. Cal. 2021). Defendant has not carried its burden.

For these reasons, the Court should deny Defendant's motion to dismiss the amended complaint. If the amended complaint is dismissed, Plaintiffs will request leave to amend.

Respectfully submitted this 23rd day of August, 2022.

BANES HOREY BERMAN & MILLER, LLC

/s/
by Richard C. Miller, F0458
Attorney for Plaintiff