Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
2nd Fl, ICC, Room 203
Gualo Rai, Saipan
Telephone: (670) 234-7659
Email: jpsn@sannicolaslaw.net

Daniel H. Weiner (admitted *pro hac vice*)
Amina Hassan (admitted *pro hac vice*)
Eleanor Erney (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
daniel.weiner@hugheshubbard.com
amina.hassan@hugheshubbard.com
eleanor.erney@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ÖZCAN GENÇ;, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.,<br><br>Defendants. | Civil Case No. 1:22-cv-00002<br><br>**DEFENDANT IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing: September 14, 2022 / Time: 9:30 AM |

## **TABLE OF CONTENTS**

Introduction ...................................................................................................................................1

Argument .......................................................................................................................................2

I. THE COURT SHOULD DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO PLAUSIBLY ALLEGE ANY COMPARATORS. ......................................................................................................2

    A. The Opposition Does Not Resolve the Fundamental Flaw in the First Amended Complaint: Plaintiffs' Failure to Plausibly Allege Taiwanese and Italian Comparators. .........................................................................................2

    B. Plaintiffs' Attempt to Distinguish the Cases on Which IPI Relies Does Not Change the Requirement that Plaintiffs Must Plead Plausible Comparators ...........7

II. THE OPPOSITION BOLSTERS IPI'S ARGUMENT THAT THE COURT SHOULD DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE. ..............................................................................................................10

Conclusion ...................................................................................................................................10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alvarez v. Lakeland Area Mass Transit District*, 406 F. Supp. 3d 1348 (M.D. Fla. 2019) ............. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 6

*Bartholomew v. Lowe's Home Centers, LLC*, No.: 2:19-cv-695-FtM-38MRM, 2020 WL 321372 (M.D. Fla. Jan. 21, 2020) ................................................................................. 9

*Bastidas v. Good Samaritan Hosp. LP*, 774 F. App'x 361 (9th Cir. 2019) ................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 6

*Berney v. Apple Inc*, No. 3:20 CV 1379, 2021 WL 6334985 (D. Conn. May 27, 2021) ................. 5

*Bhatnagar v. Meyer,* No. 21-126-CFC, 2021 WL 7209368 (D. Del. Dec. 20, 2021) .................... 5

*Frisby v. Town of Mammoth*, No. CV-16-02599-PHX-ROS, 2018 WL 4207989 (D. Ariz. Aug. 31, 2018) ...................................................................................................... 8

*Goolsby v. Campbell*, No. 3:19-cv-5321-BHS-TLF, 2021 WL 2419448 (W.D. Wash. May 10, 2021), *report and recommendation adopted*, 2021 WL 2413258 (W.D. Wash. June 14, 2021) .................................................................................................. 10

*Grigorescu v. Bd. of Trustees of the San Mateo Cnty. Cmty. Coll. Dist.*, No. 18-cv-05932-EMC, 2019 WL 1790472 (N.D. Cal. Apr. 24, 2019) ................................................. 8

*Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198 (C.D. Cal. 2004) ........................................ 3

*Mallory v. Gartner, Inc.*, No. 2:21-cv-462-SPC-MRM, 2021 WL 3857652 (M.D. Fla. Aug. 30, 2021) ............................................................................................................. 4, 5

*McCain v. Dep't of Corr.*, No. C20-05650-RSM-BAT, 2020 WL 7181068 (W.D. Wash. Dec. 7, 2020) ........................................................................................................... 10

*Redwind v. W. Union, LLC*, 2019 WL 3069864, No. 3:18-cv-02094-SB, 2019 WL 3069841 (D. Or. July 12, 2019) ................................................................................. 9

*Renati v. Wal-Mart Stores, Inc.*, No. 19-cv-02525-CRB, 2019 WL 5536206 (N.D. Cal. Oct. 25, 2019) ................................................................................................... 8, 9

*Schneider v. California Dep't. of Corr.*, 151 F.3d 1194 (9th Cir. 1998) ......................................... 3

*Smith v. W.W. Grainger, Inc.*, No. EDCV 18-1405 JGB (SPx), 2019 WL 1670942 (C.D. Cal. Feb. 5, 2019) ........................................................................................................................ 8

*Stern v. State Univ.*, No. 16-CV-5588 (NGG) (LB), 2018 U.S. Dist. LEXIS 173054 (E.D.N.Y., Sept. 30, 2018) ................................................................................................... 9

*United States v. Nobel Learning Cmtys., Inc.*, 676 F. Supp. 2d 379 (E.D. Pa. 2009) ..................... 7

*Vasquez v. Cnty. Of Los Angeles*, 349 F.3d 634 (9th Cir. 2003) ...................................................... 8

*Werst v. Sarar USA Inc.*, No. 17-CV-2181 (VSB), 2018 U.S. Dist. LEXIS 44124 (S.D.N.Y. Mar. 16, 2018) ..................................................................................................... 9

**Statutes and Rules**

Rule 12(b)(6) ..................................................................................................................................... 3

Defendant Imperial Pacific International (CNMI), LLC ("IPI") submits this Reply in further support of its Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 24, "Op. Br.").

**Introduction**

Plaintiffs offer a smörgåsbord of arguments in their Opposition (ECF No. 26, "Opp."), yet none of those arguments tackles head-on, nor resolves, the fundamental flaw in their amended pleading: despite predicating their pattern-and-practice class action claim on the allegation that IPI engaged in unlawful wage discrimination between Turkish workers on the one hand and its Taiwanese and Italian workers on the other, Plaintiffs do not allege a single plausible Taiwanese or Italian comparator using non-conclusory allegations.

Rather, Plaintiffs, (1) in a tacit concession that the First Amended Complaint is deficient, begin their Opposition by claiming that it "expressly" pleads facts that it does not; (2) rehash old arguments that the Court previously rejected in granting IPI's first motion to dismiss; (3) mischaracterize IPI's argument as demanding that Plaintiffs "prove" their comparators at the motion-to-dismiss stage; (4) rely on the volume of "new" (but still deficient) allegations in the First Amended Complaint; and (5) spend almost half of their Opposition distinguishing, on inconsequential grounds, the cases on which IPI relies for the similarly situated requirement, including some on which the Court relied in dismissing Plaintiffs' original complaint.

Ultimately, Plaintiffs' amended pleading fails for the same reason their original pleading did: Plaintiffs do not allege the role, title, seniority, job responsibilities or qualifications of a single "Taiwanese" or "Italian" comparator for the Court to reasonably infer that he or she is similarly situated to a Plaintiff or another purported class member, much less a sufficient number of comparator instances for the Court to reasonably infer a pattern-and-practice of discrimination.

Therefore, the Court should dismiss Plaintiffs' First Amended Complaint—this time, with prejudice.

## Argument

**I.    THE COURT SHOULD DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO PLAUSIBLY ALLEGE ANY COMPARATORS.**

**A.    The Opposition Does Not Resolve the Fundamental Flaw in the First Amended Complaint: Plaintiffs' Failure to Plausibly Allege Taiwanese and Italian Comparators.**

The First Amended Complaint contains no non-conclusory factual assertions from which the Court can infer that the Taiwanese and Italian workers referenced in that pleading were similarly situated to a Plaintiff or other purported class member. None of Plaintiffs' arguments in the Opposition cures that deficiency.

First, Plaintiffs begin their Opposition by constructing a narrative out of thin air. Citing Paragraphs 20-29 of their First Amended Complaint, Plaintiffs claim that, when IPI's workers "come together on payday," "[t]he Turkish electricians working on the top floors [of the hotel-casino] see that they are being paid substantially less than Taiwanese and Italian electricians working on other floors," and that "Turkish installers, screed masters, and supervisors" "observe the same thing." (Opp. at 1-2.) Plaintiffs then argue that, "[t]hese facts – *not* conclusions – are expressly pleaded in the amended complaint." (*Id*. at 2 (emphasis in original).) But Paragraphs 20-29 of the First Amended Complaint contain no such alleged facts; nor does the rest of that pleading. Far from it, Plaintiffs do not identify the role, title, seniority, qualifications or performance of a single Taiwanese or Italian worker in the First Amended Complaint.[1]

2

Second, Plaintiffs argue that their allegations in the First Amended Complaint give rise to a plausible inference that, "[a]ll these foreign workers were engaged in the same work: constructing the Imperial Pacific hotel." (Opp. at 2.) The Court already rejected this argument in granting IPI's first motion to dismiss. During oral argument on that motion, Plaintiffs' counsel argued that: "[His] clients are … Turkish workers brought in by IPI to build  – to build the hotel in – in Garapan," and that "[t]hey [presumably all the IPI workers] [a]re all building the same hotel in Garapan, and any pretense that the Taiwanese were [performing] more specialized or sophisticated work is – it – just [i]s a pretense, they're all doing the same thing. They're construction workers [] building the hotel … This one's assigned to one floor, this one's assigned to another floor." (ECF No. 23 (May 12, 2022 Hearing Tr.) at 13:20-14:7.) The Court disagreed, stating unambiguously as follows:

> Mr. -- Mr. Miller, that's conclusory, "They're all doing the same thing," they're -- you're saying, "Well, they saw Taiwanese workers there," so they're all doing the same thing, but under this Title 7 claim, it has to be particularized so that you can actually compare apples and apples as opposed to apples and oranges.

(*Id*. at 14:8-13.) That Plaintiffs rehash an argument that the Court previously rejected demonstrates only that giving them leave to further amend their pleading would be futile.

---

1. Plaintiffs also assert additional "facts" found nowhere in the First Amended Complaint, such as: "[e]ach nationality has its own culture and its own language, so the rational way to split up the work is to assign crews from each county [*sic*] to build a particular group of floors" in the hotel-casino; and "[e]ach crew has plumbers, electricians, welders, dry wall specialists." (Opp. at 1-2.)  But "new allegations contained in [a plaintiffs'] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes." *Schneider v. California Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal citations omitted); *see also Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1204 (C.D. Cal. 2004). Nor do these newly-minted facts cure the fundamental deficiency in Plaintiffs' pleading, *i.e.*, the failure to plausibly allege a Taiwanese or Italian comparator.

3

Third, Plaintiffs argue that they do not need to "prove" that IPI's Taiwanese and Italian workers are proper comparators of Plaintiffs and other class members until trial because the kind of information needed to "determine [that] with certainty" might not be available to a plaintiff prior to discovery.  (*See* Opp. at 2-3.)  That argument is a red herring—IPI has never argued that Plaintiffs must "prove" or show "with certainty," at the motion-to-dismiss stage, the adequacy of their alleged comparators.  Citing to a slew of in-Circuit case law, IPI argued only that Plaintiffs must allege sufficient, particularized facts for the Court to *plausibly* infer at the motion-to-dismiss stage that Plaintiffs' alleged comparators are similarly situated to them (or purported class members).  (*See* Op. Br. at 6, 9-11 (compiling case law)).  In granting IPI's first motion to dismiss, the Court held the same.  (*See* ECF No. 23 (May 12, 2022 Hearing Tr.) at 14:8-13; 15:4-16:2; 23:25-24:11.)

The out-of-Circuit cases Plaintiffs selectively quote do not help them—none of those decisions does away with the requirement that, to survive a motion to dismiss, plaintiffs relying on differential treatment of comparators must *plausibly* allege those comparators are similarly situated to them.  Plaintiffs rely on the following snippet from a District of Florida case:  "[A] substantive assessment of comparators is left to later stages of a case."  (Opp. at 2 (quoting *Mallory v. Gartner, Inc.*, No. 2:21-cv-462-SPC-MRM, 2021 WL 3857652, at *3 (M.D. Fla. Aug. 30, 2021)).)  However, the very next sentence in *Mallory* reads:  "Yet [the plaintiff] still needs to plead a facially plausible claim of race and national origin discrimination."  *Mallory*, 2021 WL 3857652, at *3 (omitting internal citations).  In *Mallory*, the court dismissed plaintiff's Title VII discrimination claim because she "d[id] not allege how she and the proffered comparators were similarly

4

situated." *Id*.  Plaintiffs' amended pleading, like their original one, suffers from the same deficiency.[2]

Fourth, Plaintiffs argue it is sufficient that they allege that, "[t]en named Turkish workers have stated that on numerous occasions they saw the paychecks of other construction workers and observed a similar differential in pay rate," and that, "[t]hese are concrete facts, not conclusory allegations, about what various named workers personally witnessed." (Opp. at 3.)  Even if Plaintiffs' exaggerated characterization of their allegations were true—which it is not[3]—it cannot save the First Amended Complaint.  As discussed in IPI's Opening Brief, allegations that certain Turkish workers saw the paychecks of some Italian and Taiwanese workers who IPI allegedly paid more, go only to alleging differential treatment, not that those workers were similarly situated to a particular Plaintiff or purported class member.  (*See* Op. Br. at 7 (citing case law).)

---

2. The remaining cases Plaintiffs cite do not help them either.  In relying on *Alvarez v. Lakeland Area Mass Transit District*, for the language that, "[D]efendants' argument about whether the alleged comparators were *truly* similarly situated to Alvarez are better addressed at the summary judgment stage," and *Berney v. Apple Inc.*, for the proposition that a plaintiff might be able to evaluate whether his comparators are "*in fact* … similarly situated" to him after discovery, Plaintiffs again mischaracterize IPI's argument.  (See Opp. at 2-3 (quoting *Alvarez*, 406 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019), *Berney*, No. 3:20 CV 1379, 2021 WL 6334985, at *3 (D. Conn. May 27, 2021)) (emphasis added).)  As noted above, IPI does not argue that Plaintiffs must prove at this stage that their alleged comparators are "truly" or "in fact" similar to them.  Moreover, in *Alvarez*, the plaintiff identified four male comparators; here, Plaintiffs do not identify a single specific comparator.  And *Berney*, a decision arising in a motion-to-compel context, does not address the question of the sufficiency of a pleading.

   Plaintiffs also cite *Bhatnagar v. Meyer* for its quote that, "Defendants' argument that [Plaintiff's] comparators are not similarly situated is premature for a motion to dismiss."  (Opp. at 3 (quoting *Bhatnagar*, No. 21-126-CFC, 2021 WL 7209368, at *4 (D. Del. Dec. 20, 2021).)  However, in *Bhatnagar*, the plaintiff alleged specific facts to demonstrate his alleged comparator was similarly situated to him in terms of job and conduct:  specifically, he alleged that a comparator, also an Assistant County Attorney like him, yelled at a senior officer at a work meeting, but was not disciplined.  *Bhatnagar*, 2021 WL 7209368, at *1, *3-4.  The court determined those allegations were sufficient to survive a motion to dismiss and deferred for later only defendant's argument that the "comparator['s] 'incompetence' was different from [plaintiff]'s 'insubordination'." *Id.* at *4.

3. *See, e.g.*, Am. Compl. ¶¶ 21, 22, 25 (conclusory allegations of pay differential with no reference to viewing other workers' paychecks).

5

Nor can Plaintiffs rely on the volume of their insufficient, new allegations. What is notable is that, even after adding these allegations—the alleged observations, by Plaintiffs' count, of ten Turkish workers (Am. Compl. ¶¶ 20-29)—Plaintiffs still fail to allege a single plausible Taiwanese or Italian comparator based on non-conclusory facts. In addition to the fact that those missing, factual allegations are required as a matter of law, it is evident why they are important here. Plaintiffs' own pleading demonstrates that: (1) IPI construction workers had different titles, roles and seniority (Am. Compl. ¶¶ 20, 22-28); (2) workers in different roles and of different seniority had different wage rates; even workers with the same title could receive different wages (*id.* ¶¶ 7, 24); and (3) not all of IPI's Taiwanese and Italian workers earned more than its Turkish workers (*id.* ¶ 28). (*See also* Op. Br. at 5-6.) Thus, it is not sufficient for Plaintiffs to allege that one (or ten) Turkish workers saw higher paychecks of some, unspecified Taiwanese and Italian workers—individuals whose job titles, roles, seniority or qualifications the Court does not know. As the Court observed during oral argument on IPI's first motion to dismiss in the context of a similar allegation, when Plaintiffs refer generally to a Taiwanese or Italian worker, "[t]here's so many possibilities" of who that worker might be in terms of his or her role, title, seniority, qualifications and experience (ECF No. 23 at 15:23-16:1). Plaintiffs allege facts related to none of those characteristics. It is not sufficient for Plaintiffs to plead a claim that is a "possibility" or plead facts that are "merely consistent with a defendant's liability"—to survive a motion to dismiss, their pleading must "nudge[] their claim across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiffs do not do so here.

6

Finally, in arguing that they plausibly plead a pattern-and-practice claim, Plaintiffs again point to the anecdotal allegations of wage differential of the ten Turkish workers. (Opp. at 7.) But the apples-to-apples, or similarly situated, pleading requirement applies equally to pattern-and-practice claims that rely, as is the case here, on differential treatment of alleged comparators. *See United States v. Nobel Learning Cmtys., Inc.*, 676 F. Supp. 2d 379, 384 (E.D. Pa. 2009) (cited in Opp. at 7) (holding, on a motion to dismiss, that plaintiffs could not rely on school-wide instances of alleged discrimination to plead a pattern-and-practice claim of discrimination at the elementary or secondary levels). Plaintiffs point to no authority to the contrary. As discussed above, even with the allegations related to the ten Turkish workers, Plaintiffs do not allege a single, specific Taiwanese or Italian comparator.

### B. Plaintiffs' Attempt to Distinguish the Cases on Which IPI Relies Does Not Change the Requirement that Plaintiffs Must Plead Plausible Comparators.

Plaintiffs make much of the purported factual distinctions between the cases on which IPI relies for the "similarly situated" requirement and the instant case—devoting almost half their Opposition to that exercise. (*See* Opp. at 3-6.) However, Plaintiffs cannot escape the clear legal import of those cases: to survive a motion to dismiss, Plaintiffs must allege particularized facts from which the Court can plausibly infer that the Taiwanese and Italian workers referenced in the First Amended Complaint are "similarly situated" to Plaintiffs or other purported class members. (*See* Op. Br. at 6, 9-10.)

Plaintiffs argue that many of IPI's cited cases are not on-point because they turn on whether plaintiffs in those cases had sufficiently alleged that they and their purported comparators engaged in similar *conduct*, not whether they had similar *jobs*. (*See* Opp. at 4-6.) Plaintiffs misconstrue the

7

law.  "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Bastidas v. Good Samaritan Hosp. LP*, 774 F. App'x 361, 363 (9th Cir. 2019) (quoting *Vasquez v. Cnty. Of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)).  Here, Plaintiffs do not allege any facts from which the Court can reasonably infer that a Taiwanese or Italian worker was similarly situated to a Plaintiff or a purported class member in terms of his or her job, much less his or her conduct (*e.g.*, his or her job performance, qualifications and experience).  In any event, IPI also cited cases in which courts dismissed discrimination claims squarely for plaintiffs' failure to plausibly allege that they and their purported comparators had similar jobs.  (*See* Op. Br. at 9.)[4]

Plaintiffs also attempt to distinguish many of IPI's cases by arguing that they are "adverse employment action" cases, while this is a pay-differential case. (Opp. at 4-6.)  But Plaintiffs made the same argument in opposing IPI's first motion to dismiss, and failed.  (*See* ECF No. 13 (Plaintiffs' opposition to IPI's first motion to dismiss) at 5; *see also* ECF No. 23 (May 12, 2022 Hearing Tr.) at 22:11-21 (Court approvingly discussing *Grigorescu*, a promotion-and-termination discrimination case that Plaintiffs now claim is irrelevant to their wage-differential case).)  As before, Plaintiffs cite no legal authority for their contention, and the law is clear that the "similarly situated" requirement applies equally to pay-differential cases. *See, e.g.*, *Renati v. Wal-Mart Stores, Inc.*, No. 19-cv-02525-CRB, 2019 WL 5536206, at *6 (N.D. Cal. Oct. 25, 2019) (dismissing Title VII pay-discrimination case because plaintiff's conclusory allegation that she was paid less than "similarly situated men" was "insufficient to state a claim for [pay discrimination]

---

4.  Citing (*Grigorescu v. Bd. of Trustees of the San Mateo Cnty. Cmty. Coll. Dist.*, No. 18-cv-05932-EMC, 2019 WL 1790472, at *11 (N.D. Cal. Apr. 24, 2019), *Frisby v. Town of Mammoth*, No. CV-16-02599-PHX-ROS, 2018 WL 4207989, at *6 (D. Ariz. Aug. 31, 2018), *Smith v. W.W. Grainger, Inc.*, No. EDCV 18-1405 JGB (SPx), 2019 WL 1670942, at *4 (C.D. Cal. Feb. 5, 2019).)

8

plausible on its face."); *Redwind v. W. Union, LLC*, No. 3:18-cv-02094-SB, 2019 WL 3069864, at *4 (D. Or. June 21, 2019) (applying similarly situated required to Title VII pay-discrimination case on a motion to dismiss), *report and recommendation adopted*, 2019 WL 3069841 (D. Or. July 12, 2019); *Stern v. State Univ.*, No. 16-CV-5588 (NGG) (LB), 2018 U.S. Dist. LEXIS 173054, at *28-30 (E.D.N.Y., Sept. 30, 2018) (same).

Finally, Plaintiffs' attempt to distinguish *Renati* also fails. (*See* Opp. at 6.) Contrary to their contention, the *Renati* plaintiffs' claim did not fall on a motion to dismiss because they alleged that they were paid less than "similarly situated men" "upon information and belief." *Renati*, 2019 WL 5536206, at *6. Rather, their claim failed because the allegation was conclusory. *Id*. Plaintiffs also mischaracterize *Renati* in arguing that the court there "distinguish[ed] the pleading requirements for the individual *Renati* plaintiffs from the more general allegations of pattern or practice sufficient to make out a Title VII class action such as the Turkish workers have pled." (Opp. at 6.) The *Renati* court did not loosen the similarly situated requirement for a pattern-and-practice case that relies on comparators; it merely clarified that, in an individual discrimination case, the plaintiff cannot rely on allegations of a "pattern or practice" of discrimination, and must allege discrimination against him or herself. (*Id*.)[5]

---

5. Plaintiffs' suggestion that the similarly situated requirement does not apply in class actions is also incorrect. *See, e.g.*, *Bartholomew v. Lowe's Home Centers, LLC*, No.: 2:19-cv-695-FtM-38MRM, 2020 WL 321372, at *6 (M.D. Fla. Jan. 21, 2020) (dismissing purported age discrimination class action where plaintiffs did not allege "how [their purported comparators] are similarly situated" to them, and the court was left "guessing" the similarities); *Werst v. Sarar USA Inc.*, No. 17-CV-2181 (VSB), 2018 U.S. Dist. LEXIS 44124, at *22-24 (S.D.N.Y. Mar. 16, 2018) (dismissing Equal Pay Act class action claim where plaintiffs presented only conclusory allegations that the class was similarly situated to the alleged male comparators).

9

**II.      THE OPPOSITION BOLSTERS IPI'S ARGUMENT THAT THE COURT SHOULD DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE.**

Where an amended complaint remains deficient "without any indication the deficiencies … can be cured – dismissal with prejudice is proper." *Goolsby v. Campbell*, No. 3:19-cv-5321-BHS-TLF, 2021 WL 2419448, at *4 (W.D. Wash. May 10, 2021), *report and recommendation adopted*, 2021 WL 2413258 (W.D. Wash. June 14, 2021); *see also McCain v. Dep't of Corr.*, No. C20-05650-RSM-BAT, 2020 WL 7181068, at *3 (W.D. Wash. Dec. 7, 2020) (magistrate judge properly dismissed claims against defendant Sinclair with prejudice, where "Plaintiff has given no indication he can cure these claims through further amendment").

Here, the Court should dismiss the First Amended Complaint with prejudice for the reasons stated in IPI's Opening Brief—despite the Court's clear instructions, Plaintiffs failed to cure the fundamental flaw in their pleading, *i.e.*, failure to plausibly allege any comparators—as well as for the additional reason that nothing contained in Plaintiffs' First Amended Complaint and Opposition indicates they can cure that fundamental flaw.  To the contrary, that Plaintiffs:  (1) are repeating old arguments already rejected by the Court; and (2) after apparently speaking to additional Turkish workers at IPI, are still unable to allege a single instance of a sufficiently pled Taiwanese or Italian comparator, indicates that Plaintiffs cannot cure their pleading.  Dismissal with prejudice is therefore warranted.

## Conclusion

For the reasons set forth above, IPI respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice.

10

Dated: August 29, 2022

Respectfully Submitted,

*/s/ Amina Hassan*

Daniel H. Weiner (admitted *pro hac vice*)
Amina Hassan (admitted *pro hac vice*)
Eleanor Erney (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
daniel.weiner@hugheshubbard.com
amina.hassan@hugheshubbard.com
eleanor.erney@hugheshubbard.com

Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
2nd Fl, ICC, Room 203
Gualo Rai, Saipan
Telephone: (670) 234-7659
jpsn@sannicolaslaw.net

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
2nd Fl, ICC, Room 203
Gualo Rai, Saipan
Telephone: (670) 234-7659
Email: jpsn@sannicolaslaw.net

Daniel H. Weiner (admitted *pro hac vice*)
Amina Hassan (admitted *pro hac vice*)
Eleanor Erney (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
daniel.weiner@hugheshubbard.com
amina.hassan@hugheshubbard.com
eleanor.erney@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| ÖZCAN GENÇ, HASAN GÖKÇE, and SÜLEYMAN KÖŞ, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, and IMPERIAL PACIFIC INTERNATIONAL HOLDINGS LTD.,<br><br>Defendants. | Civil Case No. 1:22-cv-00002<br><br>**CERTIFICATE OF SERVICE** |
|---|---|

I hereby certify that, on August 30, 2022 (ChST), I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern Mariana Islands using the

1

1  CM/ECF system.  A true and correct copy of this motion has been served via the Court's
2  CM/ECF system on all counsel of record.

3                                          /s/ Amina Hassan
                                              Amina Hassan

103457946